Filed 4/15/26  P. v. Nivelo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086449 |
| v. | (Super.Ct.No. PSIC2500468) |
| LUIS DAVID NIVELO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Laurie Burns, Judge.

Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Luis David Nivelo appeals from findings and orders made by the Riverside County Superior Court following an evidentiary hearing on a petition to revoke his parole.  We will affirm.

## BACKGROUND

In May 2023, defendant was convicted in Washington County, Utah, after Utah State Troopers responded to a report of a crash or accident in their jurisdiction and found $30,000 in cash in the car defendant was driving and discovered at least 13 gigabytes of photographs and videos on defendant's phone showing prepubescent and adolescent male and female children being raped.  After his conviction, defendant's case was transferred to California's Department of Correction and Rehabilitation, Adult Parole Operations Division (CDCR) in February 2024 for supervision as a sex offender.

One of the special conditions of defendant's parole was that he was not permitted to use, possess, or have access to any device with internet connectivity such as a smartphone.

During a traffic stop in April 2025, defendant was arrested after a Riverside County sheriff's deputy discovered a "TCL" flip phone and an iPhone (smartphone) in defendant's possession.  Defendant told the deputy that the phones were his and, even when the deputy advised defendant that he was required by the terms and conditions of his parole to submit to a search of the cellphones, he refused to consent to a search and would not unlock the phones.  Defendant later said the smartphone belonged to his sister

2

and he refused to allow the deputy to search it because it would be a violation of her right to privacy.

CDCR filed a petition to revoke defendant's parole. After an evidentiary hearing on the petition, the trial court found defendant violated his parole and referred defendant's case back to the state of Utah "for future parole eligibility and/or disposition."

Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed a *Wende* brief, that is, an opening brief filed in accordance with the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The brief sets forth statements of the case and facts but does not present any issues for adjudication but instead advises this court that we are required to conduct an independent review of the record in keeping with *Wende*, *supra*, at pages 440–442.

Contrary to counsel's suggestion, an appeal from a postjudgment order revoking parole does not implicate the protections afforded by *Wende*, *supra*, 25 Cal.3d at pages 441–442, such as requiring independent review of the record by Courts of Appeal if appointed counsel files a no-issues brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226–228 (*Delgadillo*).) Rather, appointed appellate counsel who are unable to find an arguable issue in a postjudgment appeal must file a brief informing the appellate court of that determination and include a concise recitation of the facts bearing on the court's

3

orders.  (*Id.*, at p. 231.)  Upon receipt of the brief, the appellate court is to send a copy of it to the defendant along with a notice informing the defendant (i) of the right to file a supplemental letter or brief, and (ii) that the failure to file a letter or brief within 30 days may result in dismissal of the appeal.  (*Id.*, at pp. 231–232.)

If the defendant files a brief or letter, the court is required to evaluate the arguments he or she raises and must issue a written opinion.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  If the defendant does not respond to the court's notice, however, then the court may exercise its discretion to dismiss the appeal as abandoned.  If it chooses to dismiss, it may do so with or without a written opinion.  In all cases, the court has discretion to conduct an independent review of the record.  (*Ibid.*)

In this case, counsel for defendant did not follow the *Delgadillo* procedures and instead filed a *Wende* brief on defendant's behalf and notified defendant that the brief was filed "in accordance with the procedures outlined in [*Wende*]."  Upon receipt of the brief, this court sent the following notice to defendant:  "Counsel for appellant has filed a brief stating no arguable issues can be found (*People v. Wende* (1979) 25 Cal.3d 436).  The appellant is personally granted 30 days to file any supplemental brief deemed necessary."  Defendant did not file a supplemental brief or letter.

Because *Wende* procedures require the appellate courts to review the entire record on appeal (*Wende*, *supra*, 25 Cal.3d at p. 441) and because defendant was advised that those procedures applied in his case, we independently reviewed defendant's record on appeal.  We did not find an error.

4

## DISPOSITION

The trial court's finding that defendant violated his parole and its order referring defendant's case back to the State of Utah for further parole eligibility is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MCKINSTER
J.

FIELDS
J.